[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a contract action in which the owner of a condominium unit in Stratford sued the defendant, William E. Seltenreich, who had contracted to purchase the unit in question. The plaintiff seeks to recover $10,000 based on paragraph 18 of its contract with the defendant, dated February 14, 1987, which stated that if the buyer defaulted by not paying the balance of the purchase price, the $10,000 deposit could be retained by the plaintiff-seller as liquidated damages. Evidently the plaintiff, Breakwater Key, Inc., had received $10,000 from the defendant at the signing of the contract but at some later point returned it to Mr. Seltenreich and now seeks to recover this sum.
The dispute between the parties centers around the correct amount of the purchase price. The contract provided that the purchase price would CT Page 4024 be $254,000 but added: "said purchase price represents 84.6 per cent of the seller's (the plaintiff Breakwater Key, Inc.) projected initial market price for said type of condominium unit. In the event that similar units are offered for sale at a lower price the sales price shall be adjusted to 84.6% of said offering price."
The record indicates that the plaintiff in June of 1988 advised the defendant that the purchase price of the condominium unit would be $325,710, not $254,000 because it was offering units of a similar type for $395,000 and that 84.6% of this amount was $325,710. The defendant refused to pay this amount and this suit followed.
Since this is a contract action, and the amount involved is less than $15,000 and the case involves liquidated damages, it was referred to the fact-finding program pursuant to General Statutes 52-549n and Practice Book 546D. The fact-finder filed a memorandum of decision in addition to his findings of fact. The critical findings were: (i) that the plaintiff has repudiated and breached its obligation to sell this unit for the agreed price of $254,000; (ii) that the contract only provided for a downward adjustment, but not an upward one; (iii) that the defendant had not repudiated or breached the contract; (iv) that the fact that defendant Seltenreich had commenced but later withdrew a suit in September 1988 as a plaintiff seeking specific performance against Breakwater Kay did not justify Breakwater Key's repudiation of the sales price of $254,000. which was repeated as late as January 1989.
Pursuant to Practice Book 5466H the plaintiff filed timely objections to the acceptance of the fact-finder's report.
After review of the report and the objections and in accordance with General Statutes 52-549s(a)(1) and Practice Book 546J(1), the fact-finder's recommendations are accepted. As was said in Wilcox Trucking, Inc. v. Mansour Builders, Inc., 20 Conn. App. 420, 423,567 A.2d 1250 (1989): "A reviewing authority may not substitute its findings for those of the trier of fact." In addition, the court indicated that "[I]n a contract action, findings of fact should be overturned only when they are clearly erroneous." Id. 425.
This case really involves an interpretation of the contract with respect to the amount of the purchase price, and this is a function of the trier of fact to determine based on the language of the agreement and the intent of the parties. The defendant contended and the fact-finder agreed that the purchase price was $245,000 but subject to a decrease if units similar to that being purchased by the defendant were offered at a lesser price. A reading of the contract supports the fact-finder's interpretation. The contract could have been warded to reflect the plaintiff's view that the purchase price should be 84.6 percent of the offering price of similar units, but the contract only referred to this percentage in the context of similar units being offered "at a CT Page 4025 lower price," not a lower or higher price.
Accordingly, the fact-finder's recommendation is accepted and judgment may enter for the defendant, with costs as taxed by the clerk.
SO ORDERED.
Dated at Stamford, Connecticut this sixth day of November, 1990.
LEWIS, J.